ELIZABETHTOWN & PADUCAH RAILROAD CO. *v.* D. FOSTER ET AL.

**Trespass—Improvements by Trespasser.**

One who has no right to make an entry upon the land of another against his consent, cannot justify his act by asserting that he has made an improvement on it that exceeds the damages caused by the perpetration of the wrong.

**Railroads—Taking Land Without Condemnation Proceedings.**

Where a railroad company entered upon plaintiff's land and proceeded to construct its roadbed thereon, without condemning the

land as provided by law, the railroad company is liable to those in possession and holding a legal title. for the injury committed to the land, although the damages to the land may have been assessed and paid in the name of another person not in possession and not entitled thereto.

### APPEAL FROM MARSHALL CIRCUIT COURT.

#### January 27, 1874.

OPINION BY JUDGE PRYOR:

There is no doubt from the evidence in the case that the plaintiffs and their ancestor had been in the actual occupancy of the land through which the appellant ran its road for a period of thirty or forty years. They make an exhibit of record title for more than twenty years, excluding the power of attorney from Colsten's Ex'r, as well as the will itself; and these plaintiffs are left with such a title and possession as would enable them to maintain ejectment or trespass against one making an entry without their consent. This court, in the case of *Colsten's Heirs v. Chaudet et al.*, 4 Bush 666, has already passed upon the powers of the executor to sell; and even a defective execution of the power, the purchaser having deeds of record properly authenticated, with a possession of twenty-five or thirty years, claiming it as his own, must hold the land even in an action at law. In this case the possession authorizes an action of trespass against the wrongdoer. The defense is that the title was in Colsten's heirs. The appellant has failed to show any such title as, upon the evidence exhibited, would authorize Colsten's heirs to recover in ejectment.

This is not an action involving the value of the land in controversy, but to recover damages for a trespass upon the possession; hence the instruction as to the advantages derived by the construction of the road was properly excluded. One has no right to make an entry upon the land of another against his consent, and then justify his act by saying that he has made an improvement on it that exceeds the damages caused by the perpetration of the wrong. In this case, if the company was condemning appellees' land the question of the benefits or disadvantages, etc., might and would very properly apply; and even if the company had entered upon this land through mistake, exemplary damages could not be given. The company had the right to enter upon the

land to make the survey and locate the road, but had no right to construct the road over the land without appellees' consent, or without compensating them therefor.

In the present case the company had actual notice that the land was the appellees', and that they were in the possession. Their possession seems to have been notorious and known by all the neighbors who ever examined with reference to the possession. There could have been no difficulty in ascertaining both the title and possession. The possession was actual, and the enclosure of the appellees entered upon against their consent. Their title was of record in the county of McCracken, where the length of possession on the part of appellees would have indicated to the purchaser or the company, that the title should be theirs. The assessment of damages in behalf of Colsten's heirs seems to have been instituted, or at least terminated after this action was brought, and after notice by those in possession of their right and title. Notwithstanding this assertion of claim connected with the possession itself, the appellant persisted in making its road upon appellees' land. If it has paid Colsten's heirs it must suffer the loss. The only way to appropriate the land of appellees is to condemn it according to law. The fact that the digging and cutting timber was done after the entry in the name of Colsten's heirs, constitutes no defense, as it is a continuing trespass; and the appellees are entitled to recover in this action for every injury committed to this land by reason of the entry upon it.

Judgment affirmed.

*Pendell, Bullitt, for appellant.*

*Gilbert & Wake, for appellees.*